NOT FOR PUBLICATION (Doc. No. 85)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL M. CHOY, | |
| Plaintiff, | |
| v. | Civil No. 08-4092 (RBK/AMD) |
| COMCAST CABLE COMMUNICATIONS, INC. | **OPINION** |
| Defendant. | |

Currently before the Court is a motion by Defendant Comcast Cable Communications, Inc. ("Defendant") for reconsideration of this Court's Order dated January 26, 2012, in which the Court denied Defendant's motion for summary judgment on the race discrimination claim of Plaintiff Michael M. Choy ("Plaintiff"). For the reasons discussed below, Defendant's motion is DENIED.

## I. LEGAL STANDARD[1]

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). See id. In the District of New Jersey, Local Civil Rule

---

[1] The underlying facts in this case have been set forth in the Court's Opinion dated January 26, 2012.

1

7.1(i) governs motions for reconsideration.  See Byrne v. Calastro, No. 05-68, 2006 U.S. Dist. LEXIS 64054, at *7 (D.N.J. Aug. 28, 2006).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.  See L. Civ. R. 7.1(i).  "The standard for [reconsideration] is high, and reconsideration is to be granted only sparingly."  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted); Compaction Sys. Corp., 88 F. Supp. 2d at 345.  The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L. Civ. R. 7.1(i).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law that the parties presented to, but were not considered by, the court in the course of making the decision at issue.  See Student Pub. Interest Grp. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  See Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Great Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence that was not presented when

the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original decision. See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *2 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments that the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. See Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

## II.  DISCUSSION

Defendant argues in its motion for reconsideration that this Court made errors of fact and law. Defendant first argues that this Court improperly attributed statements to Matt Scully, Vice President for Commercial Services Engineering at Comcast, which Plaintiff did not attribute to Mr. Scully. Defendant next argues that this Court failed to consider Defendant's argument that the same actor hired and fired Plaintiff within a short period of time. The Court will address these arguments in turn.

3

1. **Statements Attributed to Mr. Scully**

In the Court's January 26, 2012 Opinion, the Court found that Plaintiff had raised a genuine dispute of material fact regarding whether Mr. Scully made several statements regarding Plaintiff. The Court had previously found that based on the genuine dispute of fact regarding Mr. Scully's statements, the following statements were properly attributable to Mr. Scully for the purposes of the summary judgment motion: 1) a statement that that Plaintiff's report was "fine . . . a good plan," and 2) a statement that Plaintiff was a

> New person given projects w/o opportunity to get acclimated, w/o tools he needed. They had done 40 gig testing on BB b/f & had test plan they wouldn't give it to him [sic]. Could have been a useful reference point. He was set up to fail. It was unfair.

Pl. Ex. PX 21. Defendant notes that the second statement was never attributed to Mr. Scully, but was rather attributed either to Plaintiff or to Plaintiff's colleague, Patrick Peaker. Defendant points to the deposition of Marcia Martinez-Helfman, in which Ms. Helfman stated that she "didn't know if [Peaker was] speaking on his own opinion or Michael Choy's opinion there." She could not "say with certainty that [Peaker was] speaking about Michael Choy as opposed to himself." Def. Ex. A, pp. 81:3-85:13. Plaintiff does not rebut Defendant's argument. Therefore, the Court agrees with Defendant that there is no evidence that Mr. Scully made the second statement, and that this second statement cannot properly be attributed to Mr. Scully.

Defendant further argues that even the first statement by Mr. Scully is inadmissible as triple hearsay. Def. reply br. at 3 n.2. The Court previously found in its January 26, 2012 Opinion that Ms. Helfman's notes were admissible as a business record, and that Plaintiff had raised a genuine dispute of material fact as to whether Mr. Scully was able to make a representative statement on behalf of Comcast, such that Mr. Scully's statement would be

4

admissible under Federal Rule of Evidence (FRE) 801(d)(2)(A). Though the Court had previously found admissible Ms. Helfman's handwritten notes (the first level of hearsay), and Mr. Scully's party admission (the third level of hearsay), Defendant argues that there is no exception to the second level of hearsay in which Mr. Peaker relayed statements attributed to Mr. Scully. Specifically, Defendant argues that Mr. Peaker neither supervised Plaintiff nor made these statements within the scope of his employment at Comcast. However, Plaintiff counters that Mr. Peaker made these statements to Ms. Helfman during the Open Door Investigation interview, an interview that Mr. Peaker had a duty to participate in upon Ms. Helfman's request. Federal Rule of Evidence 801(d)(2)(C) states that "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is "not hearsay." The parties do not dispute that Mr. Peaker was employed by Comcast at the time he made these statements, as contemplated by FRE 801(d)(2)(C). Moreover, since Ms. Helfman conducted her interview pursuant to Comcast's Open Door Complaint Procedure, Ms. Helfman's interview of Mr. Peaker was clearly conducted within Ms. Helfman's scope of employment. Plaintiff argues that since Mr. Peaker was responding to Ms. Helfman's request for a Comcast Open Door interview regarding Plaintiff's termination, Mr. Peaker's statements were made within the scope of Mr. Peaker's duty as an employee to respond to human resource requests for information. Drawing all reasonable inferences in favor of Plaintiff for the purpose of this summary judgment motion, the Court finds that Mr. Peaker's statements are admissible at this stage to oppose Defendant's motion.[2]

---

[2] The Court notes that the burden of proof is ultimately on the party that wishes to admit evidence into the record. Therefore, at trial, Plaintiff must resolve this dispute of fact regarding Mr. Peaker's statements by introducing evidence that demonstrates that Mr. Peaker made these statements within the scope of his employment.

### 2. Defendant's "Same Actor" Argument

In the Court's January 26, 2012 Opinion, the Court found that Plaintiff had raised a reasonable inference regarding Steve Surdam's motives in terminating Plaintiff. Defendant disputes this inference because "the Court did not examine the relied upon pretext evidence . . . in connection with the undisputed fact that the same supervisor, Steve Surdam, both hired and dismissed Plaintiff in a short period of time—approximately five months." Def. br. at 1. Plaintiff counters that Mr. Surdam was not the only actor involved in hiring or firing Plaintiff. Pl. br. at 8. Instead, Plaintiff notes that Vik Saxena, Kevin McElearney and Steve Surdam together hired Plaintiff. Id. (citing Pl. Counterstatement of Facts ¶¶ 5, 8. Plaintiff further notes that Tracey Kooper, Marcia Helfman, Steve Surdam, and Frank Lavin participated in Plaintiff's termination process. Pl. Counterstatement of Facts ¶¶ 69-92. Therefore, the Court finds that Plaintiff has raised a genuine dispute of material fact regarding whether Plaintiff was hired and fired solely by Mr. Surdam.

### 3. Plaintiff's "Cat's Paw" Theory

Plaintiff argues that Frank Lavin, a fellow Principal Engineer in the Backbone Group, "harbored deep animosity towards Plaintiff based on Plaintiff's higher salary." Pl. br. at 6 (citing Counterstatement of Material Fact ¶ 10C). Plaintiff argued that Lavin poisoned Surdam's view of Plaintiff and that Comcast is liable under the "cat's paw" theory. "Based on the false information supplied by a Frank Lavin who harbored animus against Plaintiff, Surdam, in making a decision to terminate Plaintiff for lack of performance, relied on this false information without conducting an investigation." Pl. br. at 8. Defendant counters that Plaintiff has only alleged that Lavin envied Plaintiff's salary, not that Lavin harbored racial animus. The Court agrees with Defendant that Plaintiff has failed to allege discriminatory animus in any statement

6

by Mr. Lavin.  By Plaintiff's own admission, Lavin's alleged animosity towards Plaintiff was due to "salary envy," not "racial animus."

### 4. Burden of Demonstrating Pretext

To survive summary judgment, a Title VII plaintiff "must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." EEOC v. Muhlenberg College, 131 Fed. Appx. 807, 811 (3d Cir. 2005) (unpublished opinion) (citing Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir.1994)). To establish pretext, the plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered reason that a reasonable factfinder could disbelieve it and infer that the employer did not act for the asserted reason.  Fuentes, 32 F.3d at 765.

The Court finds that no single piece of evidence produced by Plaintiff in this case, viewed alone, would be sufficient to establish pretext.  For example, Ms. Jarvis's statement that "I don't know if we have enough to support [Plaintiff's] termination or if you have more information that Steve [Surdam] has not shared," Pl. Ex. PX 15, when viewed alone, simply "gives rise to mere speculation and conjecture."  Watt v. New York Botanical Garden, 2000 U.S. Dist. LEXIS 1611, *17 (S.D.N.Y. Feb. 16, 2000).

Plaintiff, however, argues that in the context of the whole record, Plaintiff has produced sufficient evidence to establish pretext.  Plaintiff argues that the record evidences that Plaintiff was excluded from the "all-white, male team in the Backbone Group," in which all seven other members were Caucasian males.  Pl. br. at 5.  Plaintiff further argues that Comcast hired a Caucasian male, Thomas Ucellini, to replace Plaintiff.  Id. at 3.  Defendant counters that Mr.

7

Ucellini never held the position of "Principal Engineer," but rather was a "Senior Engineer I," which entailed different responsibilities than the Principal Engineer position and commanded a lower salary. Def. reply br. at 5. As such, Defendant argues that Plaintiff was not replaced by a Caucasian male. Plaintiff responds that Mr. Ucellini was hired in July 2007 and that Plaintiff was formally terminated on August 15, 2007. The Court finds that while Mr. Ucellini's engineering position has a different formal title than Plaintiff's formerly held engineering position in Comcast, Plaintiff is entitled to have all reasonable inferences drawn in his favor at this stage. Accordingly, the Court finds that Plaintiff has raised a genuine dispute of material fact concerning whether Plaintiff's position and Mr. Ucellini's position involved substantially similar duties.

The Court finds that the above evidence, when combined with Mr. Surdam's statement that Plaintiff "is definitely not a fit for the group but I want to cover myself here," a reasonable factfinder could disbelieve Defendant's reasons for terminating Plaintiff. Pl. Summary Judgment Opp. br. at 13 (quoting PX-17, Surdam e-mail dated July 10, 2007). Specifically, a reasonable factfinder could find that Defendant did not terminate Plaintiff due to performance issues, but rather because Plaintiff was not "fit for [Surdam's] group." A plaintiff may show pretext "either directly, by showing that a discriminatory reason more likely motivated the employer, or indirectly, by showing that the asserted reason is unworthy of credence. . . . <u>A plaintiff need not carry this burden, however, to withstand a motion for summary judgment.</u> Furthermore, the evidence must be viewed in the light most favorable to the nonmoving party." <u>Weldon v. Kraft</u>, 896 F.2d 793, 797 (3d Cir. 1990) (emphasis supplied) (citations omitted).

Plaintiff's case is a "close case." <u>Cf.</u> <u>Weldon</u>, 896 F.2d at 799. Although this Court agrees with Defendant that there is substantial evidence from which a factfinder could find that

8

Plaintiff was terminated for nondiscriminatory reasons, Plaintiff has produced sufficient evidence to demonstrate credible inconsistencies and weaknesses within Defendant's proffered reasons for termination.  Drawing all reasonable inferences in favor of Plaintiff, resolving all genuine disputes of material fact in Plaintiff's favor, and viewing all evidence in the light most favorable to Plaintiff, this Court finds that when viewing the record as a whole, a reasonable factfinder could disbelieve Defendant's proffered reasons for termination and infer that Defendant did not act for the asserted reasons.  Therefore, this Court cannot dismiss Plaintiff's discrimination claim at this stage of summary judgment.  Accordingly, Defendant's motion for reconsideration is denied.

## IV.    CONCLUSION

For the reasons detailed above, the Court DENIES Defendant's motion for reconsideration (Doc. No. 85).  An appropriate order shall enter today.


Dated:  3/30/12                                                         /s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge