NOT FOR PUBLICATION                                                                          (Doc. No. 193)


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| MICHAEL M. CHOY | Civil No. 08-4092 (RBK/AMD) |
| Plaintiff, | **OPINION** |
| v. |  |
| COMCAST CABLE COMMUNICATIONS, INC. |  |
| Defendant. |  |

**KUGLER**, United States District Judge:

      This matter comes before the Court upon Plaintiff Michael M. Choy's ("Plaintiff") motion to have the United States pay the costs of preparing a transcript of the proceedings in his trial against Defendant Comcast Cable Communications, Inc. ("Defendant") for use on appeal (Doc. No. 193). For the reasons stated herein, the Court finds that Plaintiff has failed to articulate a "substantial question" that he intends to present on appeal. *See* 28 U.S.C. § 753(f). Accordingly, the Court will deny Plaintiff's motion.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff, an Asian-American male, was employed as a Principal Network Engineer in Defendant's National Engineering and Technical Operations Backbone Engineering Group from March 2007 until his employment was terminated for cause on August 15, 2007. He subsequently filed suit, alleging, among other things, that Defendant had fired him on the basis

1

of his race in violation of 42 U.S.C. § 1981.  After a two week trial in September 2012, the jury rendered a verdict in Defendant's favor on all of Plaintiff's claims (Doc. No. 187).  One month later, Plaintiff applied to proceed *in forma pauperis* to appeal the jury verdict, which application the Court immediately granted (Doc. Nos. 188, 189).  Then, after filing notice of his appeal, Plaintiff filed the instant motion to have the United States pay the cost of printing the transcript of his trial (Doc. No. 193).  Plaintiff explains that while he cannot afford such expenses, a copy of the transcript is nevertheless necessary in order to employ an attorney to handle his appeal on a contingency basis.

      The Court initially ordered Plaintiff to appear on April 18, 2013 for a hearing on the motion (Doc. No. 196).  However, two days before this hearing, the United States Court of Appeals for the Third Circuit terminated Plaintiff's appeal for failure to file a required brief and appendix (Doc. No. 197).  Consequently, the Court denied Plaintiff's motion as moot (Doc. No. 198).  One week later, on April 25, 2013, the Third Circuit reinstated Plaintiff's appeal, at which point the Court vacated its earlier order and directed Plaintiff to appear for oral argument on the motion on May 3, 2013 (Doc. No. 201).  At the hearing, the Court did not find that Plaintiff had met his statutory burden of demonstrating that he had "substantial questions" to present on appeal which would warrant a publically-subsidized printing of his trial transcript.  However, rather than ruling definitely on the motion, it offered Plaintiff the opportunity to make a written submission in further support of his motion.  Plaintiff sent such a letter to the Court (Doc. No. 204).  After a brief recitation of the legal standard governing the motion, the Court will address the issues presented in Plaintiff's letter.

## II.     LEGAL STANDARD

28 U.S.C. § 753(f) provides that the United States will pay for the cost of printing a transcript for a plaintiff's use on appeal if that plaintiff has been permitted to proceed *in forma pauperis* and the judge who presided over the plaintiff's trial certifies that his appeal is "not frivolous" but instead "presents a substantial question." Substantial questions are those that are reasonably debatable. *Gary v. Professional Div., Alberto-Culver Co.*, 862 F.2d 869, at *1 (4th Cir. 1988).

To be sure, "§ 753(f) was not intended to require free transcripts for all civil litigants proceeding in forma pauperis who argue a sufficiency of the evidence issue or factual issues on appeal." *Evans v. City of Tulsa*, 951 F.2d 1258, at *2 (10th Cir. 1992). Instead, a successful § 753(f) motion will demonstrate a nexus between specific portions of the trial transcript and the particular grounds on which the plaintiff intends to appeal; the plaintiff must show that the former is necessary for asserting the latter. *See Nolt v. Strausser*, 761 F. Supp. 18, 19 (E.D. Pa. 1990) (stating that the plaintiff's burden, in part, is to demonstrate that the requested trial transcript "is *required* for proper appellate review") (emphasis added). Stated another way, the plaintiff is obliged to make a particularized showing of his need for a free transcript. *Patel v. Wooten*, 264 Fed. App'x 755, 758 (10th Cir. 2008).

## III. DISCUSSION & ANALYSIS

As an initial matter, the Court has granted Plaintiff in forma pauperis status. Thus, he has satisfied the first requirement of § 753(f). Less clear is whether he has presented "substantial questions" for appeal that warrant printing of his trial transcript. The Court now turns to the arguments set forth in Plaintiff's written submission.

### A. Evidentiary Concerns

Plaintiff's first attempt to establish a substantial question for appeal concerns the admission of evidence and witnesses.

First, he argues that it was error for the Court not to admit certain of Defendant's human resources documents (referred to as "Open Door files"). One such document allegedly includes the following: a statement by Plaintiff's colleague that he heard Plaintiff's supervisor say once that he found Plaintiff's job performance to be satisfactory. Pl.'s Submission 1-2. The Court apparently denied this evidence on the basis of the hearsay rule. However, Plaintiff has failed to articulate what part of the trial transcript would aid him in appealing this evidentiary ruling. That is, he has not shown that the record is incomplete in its present state in order for him to assert this issue on appeal. Thus, the Court cannot grant Plaintiff's motion on this basis.

Second, Plaintiff asserts that Defense witness Matt Scully's testimony at trial concerning his familiarity with Plaintiff's work product was contradicted by emails produced during discovery. Plaintiff argues that those emails were not admitted as evidence. Again, while disputes about admissibility of evidence provide a proper ground for appeal, Plaintiff has failed to explain how having a copy of the trial transcript is necessary in order to present this issue to the Third Circuit.

Third, Plaintiff claims it was error for the Court not to admit his former colleague Professor Paolo Liu to testify at trial as to "his technical competence and his professional character." Again, Plaintiff has not established a nexus between some portion of the trial transcript and the decision not to admit Mr. Liu as a witness. Since Mr. Liu never took the witness stand, there is obviously no transcript of his testimony. Nor does Plaintiff claim that the issue about whether to admit Mr. Liu was presented at oral argument to the Court. Thus, this is not a proper basis to sustain his § 753(f) motion.

For these reasons, the Court finds that Plaintiff's objections to the Court's decision not to admit certain evidence and witnesses at trial are insufficient to allow the Court to certify that Plaintiff is entitled to a free transcript of his trial proceedings.

**B.     Plaintiff's Claims of Perjury and Fraud at Trial**

Much of Plaintiff's submission to the court in support of his § 753(f) motion concerns statements made by Defense witnesses and counsel which he believes were misleading, incorrect, or even fraudulent.

First, he claims that Defense counsel, in his opening statement, incorrectly identified a two-page document as Plaintiff's "final report," even though the actual final report was considerably longer than that. Pl.'s Submission 2. The Court finds that this circumstance cannot form the basis of a "substantial question" on appeal. *See* 28 U.S.C. § 753(f). There is no indication that Plaintiff's counsel objected to this statement. That a party's attorney made a misleading assertion during an opening statement, which the opposing party failed to object to, provides no basis for an appeal.

Second, Plaintiff says he needs to see the testimony of his former boss, Mr. Surdam. Mr. Surdam apparently indicated that Plaintiff did not "fit in his group" and that he needed "to cover himself to be on the same page" with his human resources department. Pl.'s Submission 2. Plaintiff fails to explain what legal issue he would plan to present to the Third Circuit based on this testimony. The Court strongly suspects that the argument would involve claims that Mr. Surdam was prejudiced against Plaintiff on the basis of his race. But this is not a proper issue for appeal. Plaintiff's attorney had unfettered opportunity to question Mr. Surdam about his statements during cross-examination. The ultimate factual determination was a question for the jury. The Plaintiff is not privileged to reargue these contentions in front of a Third Circuit panel.

5

Thus, although he has pointed to specific portions of the trial transcript, he has failed to show that are necessary to his presenting a substantial question on appeal.

Third, Plaintiff claims that another Defense witness, Frank Lavin, falsely testified that Plaintiff had fraudulent education and professional credentials. He also says it was fraud for Mr. Lavin to testify that Plaintiff lacked basic knowledge of certain scientific principles. Simply stated, the questions of why Mr. Lavin allegedly said these things and whether he was correct or not are not proper issues for appeal. These are quintessentially issues of fact that are to be determined at trial. The jury, rather than the Court of Appeals, is the final arbiter of these questions. *See Nolt*, 761 F. Supp. at 20 (finding that a plaintiff's allegation of false testimony offered by defendants was "independent of and unsupported by the trial record" and that therefore "the trial transcript is irrelevant"); *Moore v. Solomon*, No. 82-2159, 1986 WL 2788 at *2 (E.D. Pa. Feb. 27, 1986) (denying Plaintiff's § 753(f) motion based on plaintiff's argument that the defendant's conflicting testimony was credited and finding that this basis for appeal presented no "substantial question . . . [because] the issue was strictly a fact question which turned on a judgment as to credibility"); *Wright v. City of St. Francis, Kan.*, 166 Fed. App'x 343 (10th Cir. 2006) (affirming district court's denial of plaintiff's § 753(f) motion where plaintiff's grounds for appeal included, among other things, a claim that a defense witness had testified falsely); *Brown v. Reynolds & Reynolds Co.*, 798 F.2d 1413 (6th Cir. 1986) (affirming district court's denial of plaintiff's motion for publically-funded transcripts of his pro se Title VII bench trial where plaintiff intended to argue on appeal that a defense witness produced falsified evidence and perjured himself on the witness stand); *McCorkle v. City of Springfield*, 798 F.2d 470 (6th Cir. 1986) (agreeing with district court's denial of plaintiff's § 753(f) motion when plaintiff sought to appeal adverse jury verdict on her § 1983 claims by claiming that testifying

doctor lied about the extent of her injuries and finding that "[t]he jurors simply credited the appellees' version of the case with more weight; therefore, the appellant's case does not present a substantial question"). Thus, these portions of the transcript form no basis for granting Plaintiff's motion.[1]

**C.      Other Claims**

Plaintiff takes issue with the Court's decision to grant summary judgment in Defendant's favor on Plaintiff's claim for relief under New Jersey's Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq*. Pl.'s Submission 2. If Plaintiff takes issue with this ruling, he should appeal it. But he has not explained how access to a copy of his trial transcript is necessary to his making this appeal.

Plaintiff also argues that Defendants were guilty of spoliation of evidence by redacting certain portions of documents related to Plaintiff's termination, including a so-called Performance Improvement Plan. He further states that one of Defendant's employees added certain material to one of Plaintiff's reports, and that the report was then used at trial to imply that Plaintiff had committed plagiarism. Pl.'s Submission 3. If Plaintiff wants to prove that Defendant altered evidence, then he should do so; but the Court does not understand why having access to trial transcript will aid him in this endeavor. Further, accusations that doctored evidence at trial caused the jury to reach an improper verdict are not appropriate issues for appeal. At best they could form the basis for a motion for a new trial. *See* Fed. R. Civ. P. 60(b)(3). Such motions must be presented to the trial court in the first instance.[2] Thus, these

---

[1] For these same reasons, the Court cannot grant Plaintiff's motion on the basis of additional alleged instances of false and damaging testimony given by Defense witnesses at trial. *See* Pl.'s Submission 3.
[2] To the extent that Plaintiff wishes to obtain a free transcript of the trial in order to file a Rule 60(b) motion before this Court, it would appear that 28 U.S.C. § 753(f) would be of no help to him, as that statute is specifically concerned with printing of transcripts for use *on appeal*, not for use to file post-trial motions.

issues do not present a substantial question for appeal that would warrant granting Plaintiff's § 753(f) motion.

Finally, Plaintiff says that he needs to examine the instructions the Judge provided to the jury on the last day of trial. Pl.'s Submission 2. These jury instructions, including the section on punitive damages about which Plaintiff expresses particular concern, are available for free on the Court's electronic docket as a matter of public record. As a courtesy, the Court will send a paper copy to Plaintiff's address. It will not, however, grant his motion to have the United States bear the costs of printing his entire trial transcript.

## IV. CONCLUSION

Plaintiff concludes his brief with an equitable argument, stating that, at bottom, having the United States pay for the costs of providing Plaintiff his trial transcript is necessary to "restore and uphold Justice for All." Pl.'s Submission 4. The Court has no doubt that Plaintiff is sincere in his belief that he was wronged by Defendant. He received a full trial on the merits, with the help of two able counsel, and the jury simply reached a different conclusion. While he is free to file a Rule 60 motion in this Court or to continue to contemplate grounds for appeal before the Third Circuit, the Court finds that he has not met the requirements for a free trial transcript as they are set forth in 28 U.S.C. § 753(f). Therefore, Plaintiff's motion will be denied. The Court will issue an appropriate order.


Dated:   6/27/2013                                                       /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge