UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL M.  CHOY, | : | Hon. Robert B. Kugler |
| | : | |
| Plaintiff, | : | Civil No. 08-4092(RBK) |
| | : | |
| v. | : | |
| | : | **O P I N I O N** |
| COMCAST CABLE | : | |
| COMMUNICATIONS, INC., | : | |
| | : | |
| Defendant. | : | |

Plaintiff – appellant Michael Choy ("plaintiff") sued Comcast Cable Communications, Inc. ("Comcast") alleging discriminatory termination of his employment.  The jury disagreed and the court entered judgment in favor of Comcast on September 18, 2012 [document 188].  Plaintiff appealed.

The matter currently before this court concerns the accuracy of the transcript of the jury selection for that trial.  On January 18, 2015, plaintiff filed in this court a "Motion to verify corrupted trial transcripts" [document 244].  Thereafter, he filed a Motion in the United States Court of Appeals for the Third Circuit "that Appeals Court correct falsified transcript" [document 246].  The Court of Appeals transferred that Motion to the District Court to be considered in conjunction with document 244.

The Motions are hardly a matter of clarity.  Apparently, plaintiff wants access to

> …the voice recordings and the relevant notes of the jury
> selection trial proceedings dated <u>September 4, 2012</u>
> to verify the omissions and fictitious additions of the
> corrupted transcripts.

[document 244] (emphasis in original).

He apparently believes that

> [t]he transcript of the jury selection in the district court trial
> was obviously falsified, in that (1) the section was omitted
> when the presiding judge ordered all Comcast subscribers
> shall be ejected from the jury pool;[1]
> (2) and nonexistent sections were added whereby the judge
> and prospective jurors engaged in conversation.[2]

[document 245].

The official transcript of the September 4, 2012, proceeding was prepared and filed on October 21, 2013, by Carl Nami, CSR [document 216]. This court uses a court reporter and does not employ a sound recording system.

The Court Reporter's Act, 28 U.S.C. § 753(b) provides that proceedings "shall be recorded verbatim by shorthand, mechanical, [or] electronic sound recording …." The court reporter must file the "original shorthand notes or other original records" with the clerk, and these original records must be available for inspection by any person without charge in the office of the clerk. Id.

Here, the court reporter has checked his stenographic notes (which are in digital format) and his personal audio recording and confirmed the accuracy of the transcript. Plaintiff may inspect the stenographic notes if he wishes, but he has no claim to the court reporter's personal audio recordings. These recordings are for the personal convenience of the court reporter and are not official records of the court.

---

[1] This claim is inconsistent with the court's recollection. There was no wholesale excuse of Comcast subscribers. As the transcript reflects, 30-5 to 31-2, the jury panel was asked if they were subscribers and if their differences with Comcast would make it difficult to be fair. Anyone answering the latter question was excused.

[2] Plaintiff does not specify which "nonexistent sections were added." There are, of course, numerous conversations with potential jurors reflected in the transcript which are normal and usual parts of the voire dire process.

In <u>Smith v. U.S. District Court Officers</u>, 203 F.3d 440, 442 (7th Cir. 2000), the court held that where an audio tape merely backs up the court reporter's stenographic record, that recording is not part of the judicial record subject to inspection "unless some reason is shown to distrust the accuracy of the stenographic transcript."  Other courts are in accord.  <u>See, e.g.</u>, <u>In re Pratt</u>, 511 F.3d 483, 485 (5th Cir. 2007); <u>YHWHnewBN v. Bd. of Educ.</u>, 173 Fed. App'x 518, 520 (7th Cir. 2006); <u>U.S. v. Kopp</u>, No. 00-CR-189A, 2007 WL 1461326, at *1 (W.D.N.Y. May 16, 2007); <u>see also</u> <u>Karakozova v. Trs. of Univ. of Pennsylvania</u>, No. 09-02564, 2011 WL 2387ll, at *3 (E.D. Pa. Jan. 21, 2011) (request for back-up audio recording of deposition denied where plaintiff cannot establish a reason to distrust the accuracy of the transcript).

Moreover, regulations promulgated by the Judicial Conference of the United States provide that back-up recordings made by court reporters for their own convenience and not otherwise required by 28 U.S.C. § 753 are the personal property of the court reporter and there is no public entitlement to them.  Volume 6 § 510.40.10(c).

Here, plaintiff presents no evidence of any irregularity in the official transcript.  At best, and not under oath, he complains of something (exclusion from the jury of all Comcast subscribers) that never happened.  Accordingly, plaintiff may make arrangements, if he wishes, to view the stenographic notes.  But he cannot have access to the court reporter's personal audio recordings.  Accordingly, the Motion to verify corrupted trial transcripts [document 244] is **DENIED**.  An appropriate Order will be filed with this Opinion.


Dated:   <u>March 31, 2015</u>              <u>s/Robert B. Kugler</u>
                                         ROBERT B. KUGLER
                                         United States District Judge